IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.     Case No.: 22-cr-129-wmc

STEPHEN HANS JENKINS,

Defendant.

---

**PLEA AGREEMENT**

---

1. This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2. **PLEA AND PENALTIES:** The defendant agrees to waive indictment and plead guilty to the one-count information filed by the United States Attorney's Office. This count charges a violation of Title 18, United States Code, Section 2252(a)(1). Because the defendant has a prior conviction as described in 18 U.S.C. § 2252(b)(1), the indictment carries a mandatory minimum penalty of 15 years in prison and a maximum penalty of 40 years in prison; a minimum of five years and a maximum of life of supervised release; a maximum $250,000 fine; a $100 special assessment; a $5,000 assessment under 18 U.S.C. § 3014, unless the defendant is found to be indigent; an assessment up to $35,000 under 18 U.S.C. § 2259A; and the entry of an appropriate restitution order. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3. **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that they are giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4. **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if they are not a United States citizen, they may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that they want to plead guilty regardless of any removal and immigration consequences that their plea may entail, even if the consequence is automatic removal from the United States.

5. **AGREEMENT ON SENTENCE:** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and based on an individualized assessment of the defendant and the factors set forth in 18 U.S.C. § 3553(a), the parties agree that a sentencing range of at least 17 years in prison and no more than 22 years in prison is the appropriate disposition of this case. Other than this limitation, the parties are free to argue for any sentence. The parties understand that if the Court accepts this plea agreement, the Court will be bound by the recommendation to sentence the defendant within that range. If the Court rejects the plea agreement, the defendant may withdraw their plea.

6. **STIPULATION REGARDING OTHER CRIMINAL CONDUCT:** Pursuant to USSG § 1B1.2(c) and Title 18 of the United States Code, Sections 3663(a)(1)(A) and 3663(a)(3), the defendant stipulates, for purposes of sentencing and restitution that they committed conduct in violation of Title 18, United States Code, Section 2251(a) involving Minors A, B, and C.

7. **APPELLATE RIGHTS WAIVER:** The defendant acknowledges, after consultation with their attorney, that they fully understand the extent of their rights to appeal the conviction and sentence in this case. By their signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal their conviction and any sentence of imprisonment of 22 years or less, including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed. The parties agree that pursuant to current Seventh Circuit law, the mandatory minimum in this case based on the defendant's prior conviction for unlawful sex with a minor is 15 years. *See United States v. Rezin*, 322 F.3d 443 (7th Cir. 2003). The defendant agrees that they will not, either on direct appeal or on collateral review, challenge their conviction or sentence on that or any other ground, or raise any related claim that their attorney was ineffective.

8. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that they are, in fact, guilty of the offense described herein.

The defendant was a long-time family friend of Minors A, B, and C. Eventually, Jenkins began sexually assaulting Minor A. The activity occurred at several locations in Utah and Nevada.

In June 2022, Minor A agreed to move to Trempealeau County, Wisconsin where the defendant then lived.

One night, Minor A was looking at Jenkin's iPad and found explicit images of Minor B and Minor C. Minor A then reached out to family members for help. Agents ultimately executed a search warrant at Jenkin's home in Trempealeau County. An analyst found hundreds of sexually explicit images of Minor A and Minor B on an SD card found in the house, including a video ending in 051002.mp4 which depicts Jenkins with their penis in Minor A's mouth and one ending in 130642.mp4 which shows Jenkins with their hand on Minor B's penis.

The metadata shows the images of Minor A were made in Nevada. The images of Minor B were made in the defendant's home in Utah in 2017. Because all these images were found in Wisconsin, they traveled in interstate commerce.

The government would ask the Court to take judicial notice that Trempealeau County is in the Western District of Wisconsin.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

9. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

10. **DISMISSING REMAINING CHARGES:** The United States agrees to move to dismiss the indictment at sentencing, which includes a violation of 18 U.S.C. § 2260A and carries a 10-year consecutive prison sentence if convicted of the related violations of 18 U.S.C. § 2251.

11. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement

to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if they engage in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before July 7, 2023.

12. **RESTITUTION:** The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The defendant agrees that restitution in this case is governed by 18 U.S.C. § 2259, which provides for not less than $3,000 per victim. The parties will agree upon the exact restitution figure before sentencing, or, if the parties cannot agree upon a specific figure, the Court will determine restitution at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

13. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

14. **FORFEITURE:** The defendant agrees not to file a claim to any property in any civil, administrative, or judicial proceeding, which has already been initiated or which may be initiated in the future. The Defendant agrees to waive all time limits and their right to notice of any forfeiture proceeding involving this property. Defendant further agrees not to file a claim or assist others in filing a claim or attempting to establish an interest in any forfeiture proceeding.

15. The defendant agrees that they are the sole owner of all the seized property, and agrees to hold the United States, its agents, and employees harmless from any claims in connection with the seizure or forfeiture of property covered by this agreement.

16. The defendant agrees to consent to the order of forfeiture for the seized property and waives the requirement of the Federal Rules of Criminal Procedure 32.2

4

and 43(a), regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits that each of the seized property items is subject to forfeiture because they were involved in the offense or are traceable to property involved in the offense and defendant acknowledges that they understand that the forfeiture of assets is part of the sentence that may be imposed in this case.

17. The defendant knowingly and voluntarily waives their right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States, the State of Wisconsin, or its subdivisions.

18. The defendant agrees to take all steps requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

19. In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest they have in the property and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation owing to the defendant.

20. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

21. **SENTENCING RECOMMENDATIONS:** The parties agree to recommend that the Court recommend that the defendant be placed at a Federal Medical Center to serve their sentence. The defendant acknowledges their understanding that the Court may not accept this recommendation.

22. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that they have has read this agreement, have carefully reviewed it with their attorney and understands and voluntarily accepts all its terms.

23. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case and that the prior plea offer dated March 15, 2023, has been rescinded.

TIMOTHY M. O'SHEA
United States Attorney

July 5, 2023                             By: *Elizabeth Altman*
Date                                     ELIZABETH ALTMAN
                                         Assistant United States Attorney

07/5/23                                  *[signature]*
Date                                     ALEX VLISIDES
                                         Attorney for the Defendant

July 5th, 2023                           *[signature]*
Date                                     STEPHEN HANS JENKINS
                                         Defendant

6

## ACKNOWLEDGEMENTS

I, STEPHEN HANS JENKINS, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

July 5th, 2023
Date

STEPHEN HANS JENKINS
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

7/5/23
Date

ALEX VLISIDES
Attorney for Defendant

7